**Rajiv Tewary**
**7726 Tiburon Trail**
**Sugar Land TX 77479**
**281-773-6399**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 SEP 19  PM 12 11

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Rajiv Tewary,<br>Plaintiff,<br><br>vs..<br><br>Sinclair Oil Corporation,<br>a Wyoming Corporation,<br><br>Defendant. | )<br>)<br>)   Docket No._____ 18-CU-152-J<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

The Plaintiff, Rajiv Tewary, individually, for his Complaint, against Defendant, Sinclair

Oil Corporation, a Wyoming Corporation states and alleges as follows:

### INTRODUCTION

1. This is an action brought by the Plaintiff against, the Defendant, for violations of the

Civil Rights Act of 1964 the Age Discrimination in Employment Act and certain state law

claims. The Plaintiff brings this action for compensatory damages as well as attorney's fees. The

Plaintiff brings this complaint for discrimination based on his unlawful termination from

employment on October 26, 2016 where Mr. Tewary worked for the Defendant as a Reliability

Manager Sinclair Oil Corporation.

### PARTIES

2. Rajiv Tewary (Tewary or Plaintiff) presently a resident of Sugar Land, Texas who at

all times pertinent hereto was a resident of Carbon County, Wyoming. At all times relevant

hereto, the plaintiff was employed by the defendant Sinclair Oil Corporation (Sinclair), at its Rawlins, Wyoming refinery located in Carbon County, Wyoming. The plaintiff is an India-born male who at the time of his termination was 64 years old. He is a member of certain protected groups based on his age, race and national origin.

3. Sinclair Oil Corporation, a Wyoming Corporation, operates an oil refinery in Rawlins, Carbon County, Wyoming.

## JURISDICTION

4. This Court has jurisdiction over this matter as the causes of action arose under the laws of the United States of America and the state of Wyoming. As the acts complained of herein were and are now being committed within the state of Wyoming, this Court has jurisdiction over any federal contract or the common law claim.

5. At the filing of this lawsuit, the Plaintiff has accomplished all conditions precedent to bringing this litigation which includes the filing of a claim with the Equal Employment Opportunity Commission ("EEOC"), and is in receipt of a right to sue letter.

## GENERAL FACTUAL ALLEGATIONS

6. The plaintiff, Mr. Tewary, is an India-born male, who at the time of his termination was 64 years old. He worked as a reliability manager at the defendants Sinclair, Wyoming refinery.

7. At the time of Tewary's hire, the reliability department for the dependent was in need of improvement. In fact, there were difficulties with respect to the insurability of the facility based on ongoing issues. Under Tewary's management, the condition of the facility improved dramatically and Tewary was able to save the company many dollars on insurance premiums and for the safety of employees

8. Notwithstanding the work that Tewary accomplished, he was subjected to harassment based on his age, national origin and for complaints that he made with regard to treatment that he was he received and, in fact, was ultimately terminated because of his age, race, and national origin in retaliation for prior complaints of discrimination. The discrimination primarily directed against the plaintiff was caused by one individual, Ray Hansen (Hansen) who is wide and occupied a senior management role at the Sinclair facility.

9. Hansen became Tewary's direct supervisor in March 2016 although he directed discriminatory treatment earlier. In the fall of 2015, Tewary received a call from Hansen regarding a whiteboard that was located outside of Tewary's office. Hansen was angry about certain information that was written on the whiteboard. Tewary, who is not at his office did not know what was written on the board. Nevertheless, Hansen continued to burn rate Tewary and indicated that he was going to contact law enforcement officials as he assumed that Tewary had written certain terrorist threats on the whiteboard. Tewary immediately returned to his office and discovered that someone had written something in a foreign language. Tewary could not read what was written and in fact had not written the message.

10. Such behavior by Hansen was not uncommon. At another time, the refinery was attempting to fill the position of reliability engineer. A committee of representatives evaluated a possible candidate who was originally from Cameroon and "black". While the committee was supportive of hiring the individual, Hansen refused to consider the higher and claimed that he "I cannot understand him". In this action-as in others, Hansen undermined the selection of a nonwhite.

11. In regard to Tewary's employment, Hansen directly undermined his position. Initially, Tewary was hired, in part, to address the defendant's long-standing difficulties in

complying with federal regulations. The company had been experiencing difficulty with this facility and there were ongoing reliability issues affecting the safety of company personnel. In April, 2016, Tewary presented data to a committee headed by Hansen that showed that 40% of wells made by maintenance personnel failed to meet acceptable quality standards. While typically a refined leash refinery should have a weld failure rate of less than 1%, the company was experiencing a failure rate of approximately 40%. This report was not well received by Hansen who began to escalate is harassment of Tewary.

12.  In another instance, Tewary supervised an individual who repeatedly missed regularly scheduled staff meetings. The individual would attend a meeting and then appear to receive a telephone call and walk out of the meeting. When Tewary questioned the subordinate about his behavior, the individual claimed that he had to attend other company business. In checking on this statement, Tewary discovered that the individual was attending to personal business. Tewary reported this to Hansen who immediately forwarded the message to the individual and refused to take any disciplinary action although the individual was violating company policy.

13. Rather than take action against the individual, Hansen threatened Tewary's job and accused him of poor performance. Mr Tewary was not under any performance improvement plan at the time of termination. Prior to the organizational change in March, Mr Tewary's manager was David Noorani. Due to the exceptional performance – both department and individual – Mr Tewary was given a personal cash award in Sept-Oct 2015, his annual bonus entitlement was increased from 40 to 45%; Mr Tewary was placed in a select group of managers – called extended

leadership team – that entitled him to additional bonus over and above his already increased individual entitlement described earlier. The insurance underwriters, who had refused to underwrite the refinery 2 years ago when Mr Tewary started with the company, not only complimented him for the robust program but reduced annual insurance premiums by millions during the 2016 plant evaluation visit. In March 2016, the third party regulatory investigators auditing the plant's compliance to federal/state process safety regulations, again complimented Mr Tewary's department programs for thoroughness/completeness. There were no delinquencies – which was an exception.

Hansen negatively impacted Tewary's meetings and made inflammatory and demeaning comments to Tewary staff. In fact, Hansen encourage defiance and undermine Tewary's ability to direct his subordinates. Hansen's actions negatively impacted the work atmosphere and degraded Tewary's ability to lead and manage his team. Hansen did this because of Tewary's race, national origin and age

14 the plaintiff filed a charge of discrimination with the Wyoming Labor Department as well as the equal employment opportunity commission on March 30, 2017. The EEOC charge was filed under case number 846-2017-15211. On June 21, 2018, the plaintiff received a notice of right to sue from the EEOC allowing the plaintiff to sue under title VII of the Civil Rights Act of 1964 as well as the age discrimination in employment act. (See attached).

### CLAIM I-Violation of the Civil Rights Act of 1964

15.    Plaintiff incorporates and realleges each and every preceding allegation as if fully set forth herein.

16.    The Civil Rights Act of 1964 makes it unlawful for any employer to discharge, discriminate or retaliate against an individual who is based on nationality. At the time of defendant's discriminatory termination of the Plaintiff;; (1) he was an India-born male; (2) he was qualified for the position that he held; (3) his employment was terminated; and (4) the defendant subsequently demonstrated a continuing need for services and replaced him with a younger white employee.

17.    Plaintiff was subject to discriminatory treatment and terminated in violation of the Civil Rights Act of 1964. The Defendant's stated reasons for terminating the Plaintiff's employment are a pretext as the Defendant discriminated against the Plaintiff because of his nationality.

18.    As a direct and proximate cause of the Defendant's unlawful, willful and discriminatory action, Plaintiff has suffered damages, including: lost wages, both past and future, as well as the benefits associated with his employment and will continue to lose such benefits in the future. He has also incurred attorney's fees and costs to which he is entitled.

**CLAIM I-Violation of the Age Discrimination in Employment Act**

19    Plaintiff incorporates and realleges each and every preceding allegation as if fully set forth herein.

20.    The Age Discrimination in Employment Act (ADEA) makes it unlawful for any employer to discharge, discriminate or retaliate against an individual based on age. At the time of defendant's discriminatory termination of the Plaintiff;; (1) he was 64 and over the age of 40 ; (2) he was qualified for the position that he held; (3) his employment was terminated; and (4) the defendant subsequently demonstrated a continuing need for services and replaced him with a younger white employee.

21. Plaintiff was subject to discriminatory treatment and terminated in violation of the ADEA. The Defendant's stated reasons for terminating the Plaintiff's employment are a pretext as the Defendant discriminated against the Plaintiff because of his age.

22. As a direct and proximate cause of the Defendant's unlawful, willful and discriminatory action, Plaintiff has suffered damages, including: lost wages, both past and future, as well as the benefits associated with his employment and will continue to lose such benefits in the future. He has also incurred attorney's fees and costs to which he is entitled.

## CLAIM II- Breach of Contract, Both Express and Implied

23. Plaintiff incorporates and realleges each and every proceeding allegation as if fully set forth herein.

24. At the time the Plaintiff was employed by Defendant, the parties entered into an employment contract of indefinite duration under which the Plaintiff agreed to work for the Defendant in return for appropriate compensation.

25. At the time the parties entered into the contract, the Defendant distributed copies of its personnel policy manual to its employees, including the Plaintiff, which provided that the Defendant would discipline employees and discharge them for good cause in accordance with the discharge procedure set forth in the policy manual. Moreover, the policy manual confirmed that the Defendant would abide by federal and state law and particularly those laws relating to the civil rights of employees..

26. Plaintiff was aware of the Defendant's policies as set forth in the policy manual as well as verbally represented to him. He continued to work for the Defendant in reliance on the Defendant's representations concerning appropriate and fair treatment in regard to payment, promotions and employment longevity.

27.    Notwithstanding the verbal and express written provisions as promised to the Plaintiff, the Defendant breached the provisions of the employment agreement in failing to abide by federal and state law in that it failed to properly care for the Plaintiff.

28.    As a result of the Defendant's wrongful treatment and his discharge, the Plaintiff has suffered damages including lost earnings, future earnings and incurred expenses due to the breach.

### COUNT VI-Breach of the Implied Covenant Of Good Faith and Fair Dealing

38.    Plaintiff incorporates and realleges each and every proceeding allegation as if fully set forth herein.

39.    Plaintiff was employed by Defendant for a  number of years and provided faithful and dedicated service.  The Plaintiff's relationship as an employee with the Defendant was based on the  Plaintiff's part-on trust and reliance that federal and state law protects the Plaintiff's employment from discrimination and employment based on such factors as age or disability.  Given the Plaintiff's disability as well as his job performance, it was critical that he remain employed and able to receive continuing medical coverage.  Notwithstanding the Defendant's knowledge of this, it breached its duty of good faith and fair dealing by unlawfully terminating the Plaintiff's employment and foreclosing his ability to obtain meaningful employment.

49.    As a result of the Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages, including: financial, physical and emotional distress, loss of employment and enjoyment of life, stress as well as other continuing damages.

### CLAIM VII-Enhanced Compensatory Damages

41.    Plaintiff incorporates and realleges each and every proceeding allegation as if fully set forth herein.

42.     The Defendant, Teracon, by its agents and employees embarked on a course of conduct to discredit the plaintiff and to cause him to resign and/or be terminated. The course of conduct included slandering his reputation, at tacking his body of work and discrediting his ability and accomplishments. The defendant through its agents and employees acted in a wanton, intentional, malicious or oppressive manner justify an award of enhanced compensatory or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief of the court as follows:

1.     For Judgment against Defendant in favor of Plaintiff sufficient to compensate him for injuries caused by the unlawful actions of the Defendant;

2.     For past wages, front pay, back pay, benefits, future losses, emotional pain, suffering, inconvenience, mental suffering, loss of enjoyment of life, prejudgment interest, all due to the Defendant's interference with Plaintiff's constitutional and civil rights as guaranteed by the Constitution of the United States of America and state of Wyoming, and

3.     For Plaintiff's costs and reasonable attorney's fees incurred herein pursuant to federal law; and for such other and for the relief is this court deems just and equitable in the premises.

DATED this 18th day of September, 2018.

Rajiv Tewary
7726 Tiburon Trail
Sugar Land TX 77479
281-773-6399

**Demand for Jury**

The Plaintiff demands a trial by jury on all issues so triable.